UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED
2022 MAR 23 PM 4:55
CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

KENNETH JERMAINE GRIFFIN

CASE NO. 8:22-cr-113-CEH-AEP
18 U.S.C. § 2252(a)(2)
18 U.S.C. § 2252(a)(4)(B)
18 U.S.C. § 48(a)(3)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about March 10, 2018, in the Middle District of Florida, and elsewhere, the defendant,

KENNETH JERMAINE GRIFFIN,

did knowingly distribute a visual depiction that is, the visual depiction in the computer file titled, f8c515f802092e8e6ca3a9129977dede, using any means and facility of interstate and foreign commerce and that has been shipped and transported in and affecting interstate and foreign commerce and that contained materials that had been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT TWO

On or about October 7, 2020, in the Middle District of Florida, and elsewhere, the defendant,

KENNETH JERMAINE GRIFFIN,

did knowingly distribute a visual depiction that is, the visual depiction in the computer file titled, 8cef25ec-bfb6-4f10-a4b2-68b31762e1fc, using any means and facility of interstate and foreign commerce and that has been shipped and transported in and affecting interstate and foreign commerce and that contained materials that had been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT THREE

On or about October 8, 2020, in the Middle District of Florida, and elsewhere, the defendant,

KENNETH JERMAINE GRIFFIN,

did knowingly distribute a visual depiction that is, the visual depiction in the computer file titled, ce6de315-bea3-4393-9e14-cd74ec37c268, using any means and facility of interstate and foreign commerce and that has been shipped and transported in and affecting interstate and foreign commerce and that contained materials that had been shipped and transported in and affecting interstate and foreign commerce,

when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

### COUNT FOUR

On or about May 18, 2021, in the Middle District of Florida, and elsewhere, the defendant,

KENNETH JERMAINE GRIFFIN,

did unlawfully and knowingly sell, market, advertise, exchange or distribute an animal crush video, 1_4981486349040222532.mp4, and using a means or facility of interstate or foreign commerce, including by computer.

In violation of 18 U.S.C. § 48(a)(3).

### COUNT FIVE

On or about May 19, 2021, in the Middle District of Florida, and elsewhere, the defendant,

KENNETH JERMAINE GRIFFIN,

did unlawfully and knowingly sell, market, advertise, exchange or distribute an animal crush video, 1_4981486349040222572.mp4, and using a means or facility of interstate or foreign commerce, including by computer.

In violation of 18 U.S.C. § 48(a)(3).

## COUNT SIX

On or about November 5, 2021, in the Middle District of Florida, and elsewhere, the defendant,

KENNETH JERMAINE GRIFFIN,

did knowingly receive a visual depiction that is, the visual depiction in the computer file titled, 1_4911723792251749067.mp4, using any means and facility of interstate and foreign commerce and that has been shipped and transported in and affecting interstate and foreign commerce and that contained materials that had been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT SEVEN

From an unknown date but no later than January 2010, and continuing to on or about December 28, 2021, in the Middle District of Florida, and elsewhere, the defendant,

KENNETH JERMAINE GRIFFIN,

did knowingly possess matters which contained a visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce, by any means including by computer, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct

and the visual depiction was of such conduct, and the depiction involved a prepubescent minor and a minor who had not attained 12 years of age.

In violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

## FORFEITURE

1. The allegations contained in Counts One – Three and Six- Seven are incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of a violation of 18 U.S.C. § 2252(a)(2) and (4)(b), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

   a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

   b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

   c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, the following: an LG cellphone, device model LM-G900TM, an HP laptop, and Galaxy S7.

5

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,

_____
Foreperson

ROGER B. HANDBERG
United States Attorney

By: /s/ Ilyssa M. Spergel
Ilyssa M. Spergel
Assistant United States Attorney

By: /s/ Stacie B. Harris
Stacie B. Harris
Assistant United States Attorney
Chief, Special Victims Section

FORM OBD-34
March 22

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

KENNETH JERMAINE GRIFFIN

INDICTMENT

Violations:  18 U.S.C. § 48(a)(3)
18 U.S.C. § 2252(a)(4)(B)
18 U.S.C. § 2252(a)(2)

A true bill,

███████████████
_____
Foreperson

Filed in open court this 23rd day

of March, 2022.

_____
Clerk

Bail $ _____

GPO 863 525